**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAIME LUEVANO,                       :
                                     :    Civil Action No. 11-1248 (FLW)
           Plaintiff,                :
                                     :
      v.                             :    **MEMORANDUM OPINION**
                                     :
2ND CIRCUIT JUDGES, CLERKS,          :
                                     :
           Defendants.               :

**APPEARANCES:**

Plaintiff pro se
Jaime Luevano
Connally Unit
899 FM y632
Kenedy, TX 78119

**WOLFSON**, District Judge

   Plaintiff Jaime Luevano is a prisoner in the custody of the Texas Department of Corrections; he is incarcerated at the Connolly Unit, Kenedy, Texas. He has submitted a petition for writ of mandamus. He has neither prepaid the filing fee nor submitted an application for leave to proceed in forma pauperis.[1]

---

[1] This action is a civil action governed by the Prison Litigation Reform Act, including 28 U.S.C. §§ 1995 and 1995A. See, e.g., Martin v. Grimshaw, 198 F.3d 248 (Table), 1999 WL 1021705 (6th Cir. 1999) (mandamus action under 28 U.S.C. § 1361 is a "civil action" for purposes of PLRA); Martin v. U.S., 96 F.3d 853 (7th Cir. 1996) (same); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to § 1361 mandamus actions that seek relief analogous to civil rights complaints); Evans v. McConnell, 2009 WL 1560192 (W.D. Pa. June 3, 2009); Keys v. Dept. of Justice, 2009 WL 648926 at *1, *3 (M.D. Pa. Mar. 10, 2009). Cf. Madden v. Myers, 102 F.3d 74, 76-77 n.2 (3d Cir. 1996) (declining

I. BACKGROUND

Plaintiff has filed a pleading denominated a petition for writ of mandamus to compel the U.S. Court of Appeals for the Second Circuit to file appeals, etc. Plaintiff asserts that the Circuit Judges and Clerks "are protecting and covering up a vast massive family ring mob of El Paso, Texas under all the RICO Act - overt act - white collar crimes in general." There is also an unintelligible reference to former U.S. Senator Hillary Rodham Clinton. Attached to the Petition are some unintelligible affidavits and/or motions regarding DNA evidence and polygraph evidence.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

---

to decide whether PLRA applies to § 1361 actions in the nature of mandamus) with Franco v. Bureau of Prisons, 207 Fed.Appx. 145, 2006 WL 3521880 (3d Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of action for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context").

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

4

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

Petitioner is barred from proceeding in forma pauperis by the three strikes provision codified at 28 U.S.C. § 1915(g) because he has, on numerous occasions, filed civil actions which were dismissed as frivolous.  See Luevano v. Wiles, Civil No. 2:09-cv-0271, 2009 WL 4667115 (N.D. Tex. 2009), and cases cited therein.[2]

In addition, the writ of mandamus was abolished by Fed.R.Civ.P. 81(b) which states, "The writs of scire facias and mandamus are abolished.  Relief previously available through them may be obtained by appropriate action or motion under these rules."  Nevertheless, federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions

---

[2] To date, Petitioner has filed more than 50 civil actions in the United States District Courts in Arizona, California, the District of Columbia, Illinois, Louisiana, Michigan, Texas, New Mexico, Nevada, New York, Ohio, Oklahoma, Pennsylvania, and Virginia, and has prosecuted appeals in the First, Third, Fourth, Fifth, Sixth, Seventh, and Tenth Circuit Courts of Appeal, as well as the Court of Appeals for the District of Columbia Circuit.  See PACER, U.S. Party/Case Index at https://pcl.uscourts.gov/view?sort=cs_date_filed&rid=FXkuxA6evTIO9trpABeGd09yWtGAb9jmcy310R4e&page=1&reverse=1

See also the list of frivolous lawsuits compiled in Luevano v. Clinton, Civil No. 5:10-cv-754 (N.D.N.Y.) at Doc. 4.

and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Petitioner's creative pleading alleges no facts suggesting an entitlement to relief.  It lacks an arguable basis either in fact or in law and is subject to dismissal as frivolous.

As Petitioner's pleading is legally and factually frivolous, it would be pointless to grant him leave to pay the filing fee.  Accordingly, the Petition will be dismissed.[3]

---

[3] The Court notes that this Court also is not the proper venue for this matter.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") It would not be in the interest of justice to transfer this frivolous matter to any other federal court.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).  It does not appear that Petitioner could cure the defects by amendment.  Accordingly, the Petition will be dismissed with prejudice.

An appropriate Order follows.


  S/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: March 18, 2011